UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAWAZ GHAITH,

       Plaintiff,                        CIVIL ACTION NO. 09-14336

   v.                                   DISTRICT JUDGE JOHN FEIKENS

DON RAUSCHENBERGER JR.,        MAGISTRATE JUDGE MARK A. RANDON
in his individual capacity, MARION
BREASBOIS, DAWN ROSE PORTER
GHAITH, JERRY BREASBOIS,
MICHAEL NEWSHAM, in his individual
capacity, MICHAEL E. BURCH, in his
individual capacity, RICHARD I.
DRESSER, in his individual capacity,
SCOTT GORDON, in his individual
capacity, SHERIFF JOHN E. MILLER,
in his individual and official capacity,
BAY COUNTY SHERIFF'S DEPARTMENT,
and BAY COUNTY, jointly and severally,

       Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS
BURCH, NEWSHAM AND RAUSCHENBERGER'S
MOTION TO CHANGE VENUE (DKT. NO. 9)**

**I.  INTRODUCTION**

      This matter is before the Court on the motion to change venue of Defendants Burch, Newsham and Rauschenberger ("the moving Defendants"). (Dkt. No. 9)  Pursuant to 28 U.S.C. §1404(a), the moving Defendants seek an order transferring this action from the Southern

- 1 -

Division to the Northern Division of the Eastern District of Michigan. For the reasons discussed below, the motion to change venue is GRANTED.[1]

## II. FACTS

Plaintiff, Fawaz M. Ghaith ("Plaintiff"), has brought suit against multiple defendants alleging that two or more of them conspired to have him arrested, jailed and prosecuted without probable cause. In his Complaint, Plaintiff, a United States citizen, alleges that before August 26, 2008, his wife (Defendant Dawn Ghaith) resided in the Country of Jordan with their four children. (Dkt. No. 1, ¶23) During this time, Plaintiff was employed as a long-haul truck driver in the United States and made frequent trips to Jordan to visit his family. (Dkt. No. 1, ¶¶22, 24)

At some point, Plaintiff believes his wife sought to end their marriage and move to the United States with the children. (Dkt. No. 1, ¶25) Plaintiff alleges that his wife's plan was frustrated because, under Jordanian law, she was unable, without Plaintiff's consent, to obtain a Jordanian passport for their youngest son – unless Plaintiff "was deceased or confined in prison." (Dkt. No. 1, ¶28) As a result, Plaintiff claims his wife and two other family members (Defendants Marion and Jerry Breasbois) conspired to have him falsely arrested, so his wife could obtain their son's passport without Plaintiff's permission. (Dkt. No. 1, ¶¶29, 32-34)

---

[1] Motions to change venue are non-dispositive because they do not address the merits of the parties claims and should proceed by order rather than report and recommendation, subject to review under the 'clearly erroneous' standard. *PAOA v. Marati*, 2007 WL 45639338 (D. Haw. Dec. 28, 2007) and cases cited therein; *Holmes v. TV-3, Inc.*, 141 F.R.D. 697 (W.D. La. 1991) ("Since [a Motion to Transfer Venue] is not one of the motions excepted in 28 U.S.C. §636 (b)(1)(A), nor is it dispositive of a claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.")

On September 2, 2008, Plaintiff alleges he was "lured" from the State of Indiana to the "Defendant Family's home" located within the Northern Division of Michigan ("Northern Division") to meet his daughter who, unbeknownst to him, had traveled to the United States. (Dkt. No. 1, ¶¶29, 36, 37, 58 and Dkt. No. 25, p. 2)  Prior to his arrival at the family home, Plaintiff claims the family defendants dishonestly advised law enforcement that Plaintiff had threatened to take his daughter back to Jordan or kill the family.  (Dkt. No. 1, ¶¶46-47) Consequently, Plaintiff alleges he was arrested, charged with extortion, and confined for 196 days; on the eve of his second trial[2] all charges against Plaintiff were dismissed and he was released from custody.  (Dkt. No. 1, ¶¶ 75, 92-93)

There is no dispute that Plaintiff's arrest, detention, prosecution, and the alleged defamatory statements occurred in the Northern Division.  Each of the Thirteen Counts in Plaintiff's Complaint (including his ancillary state law claims) are based on events that occurred entirely or substantially within the Northern Division – none of which occurred in the Southern Division.[3]  It is also undisputed that Plaintiff recently moved to the Southern Division where this action was, thus, properly filed.  E.D. Mich. LR 83.10(b)(3).

---

[2] Plaintiff's first trial ended in a mistrial.

[3] For example, Count 2: "False Arrest, False Imprisonment, Malicious Prosecution, and Unreasonable Search and Seizure; Count 3: "Right to a Fair Trial"; Count 4: "Excessive Bail," etc.  Indeed, all twelve counts relate in some way to Plaintiff's arrest, detention, prosecution, or alleged defamation by Assistant Bay County Prosecutor Dresser and transpired in the Northern Division.

The Defendants are Dawn Ghaith, Marion Breasbois, Jerry Breasbois, Assistant Bay County Prosecutors Richard Dresser and Scott Gordon, Michigan State Detective Don Rauschenberger, Michigan State Troopers Michael Newsham and Mark Burch, Bay County Sheriff John Miller, the Bay County Sheriff's Department, and Bay County. The docket entries in this case indicate that all of the individual defendants reside in the Northern Division (Dkt. Nos. 11-21)[4] and Bay County is located in the Northern Division.

On December 7, 2009, the moving Defendants filed the instant motion alleging that the Northern Division was the most convenient location for the parties, witnesses, and in the interest of justice. (Dkt. No. 9) Defendants Miller, Dresser, Gordon, Bay County and the Bay County Sheriff's Department concurred with the motion to change venue. (Dkt. No. 9, p. 3, ¶ 9) Plaintiff timely filed a brief in opposition to the motion, the moving Defendants replied thereto, and the Court held oral argument on January 12, 2009. Having reviewed the same, the Court finds the balance of factors strongly favor transfer to the Northern Division.

### III.  DISCUSSION

**A. Legal Standard**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district **or division** where it might have been brought." 28 U.S.C. §1404 (a) (emphasis added). The decision whether to transfer a civil action is in the sound discretion of the trial court. *Duha v. Aqrim Inc.*, 448 F.3d 867, 886 (6th Cir. 2006). The

---

[4] Dawn Ghaith was served in a parking lot of the Midland Circuit Court in Midland, Michigan. (Dkt. No. 19) However, her Answer provides an address in the Northern Division.

moving party bears the burden of proving that the court should transfer the action.  *Steelcase v. Smart Technologies, Inc.*, 336 F. Supp.2d 714, 719 (W.D. Mich. 2004).

As a threshold inquiry, the district or division to which transfer is proposed, must be one in which the case *might have been* brought.  *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) ("This transfer power is, however, expressly limited by the final clause of Section 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'").  The parties to this motion do not appear to dispute that venue is proper in this Court and would be proper in the Northern Division, where the moving Defendants seek to have the action transferred.[5]  Instead, the dispute centers on which venue is most convenient, after balancing the following factors, which both parties agree are applicable: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) availability of process; (6) the

---

[5] With respect to the assignment of cases, the Local Rules of the Eastern District of Michigan provides as follows:
> **(b) Assignment of Cases**. Civil Cases shall be assigned by the Clerk to a place of holding court by reference to the counties in (a) in the following order of priority:
> (1) If an action is removed from State Court, the county in which the case was pending in State Court (28 U.S.C. §1441(a)).
> (2) If an action is local in nature, the county in which the real estate is located.
> (3) The county in which a plaintiff resides.
> (4) The county in which the claim arose.
> (5) In a case in which a defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under color of legal authority, or an agency of the United States, the county in which an office of a defendant is located.
> (6) A county in which the defendant resides or has a place of business.
> (7) The place of holding court in which the cases filed.

E.D. Mich. LR 83.10(b).  Under this rule, while the case was properly assigned under subsection (3), it *could have been assigned* under (5), (6), or (7) had subsection (3) been inapplicable.

relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000); *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809 (E.D. Mich. 2000). Each of these factors are discussed separately below.

### *1.  Convenience of the witnesses*

"Convenience of witnesses is perhaps the most important factor in the transfer analysis." *Steelcase Inc. v. Smart Technologies Inc.*, 336 F. Supp. 2d 714, at 720-21; *Meek & Assocs., Inc. v. First Union Ins. Group*, No. CIV. A. 99-2519-CM, 2001 WL 58839, at *4 (D.Kan. Jan.18, 2001); *Gerling Am. Ins. Co. v. FMC Corp.*, No. 97 Civ. 6473(LMM), 1998 WL 410898, at *3 (S.D.N.Y. July 22, 1998). However, while "convenience to the witnesses is often recognized as the most important factor to be considered" in deciding a change of venue motion, "[i]t is the convenience of non-party witnesses, rather than employee witnesses ... that is the more important factor and is accorded greater weight." *Id.*, citing *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). This is so, because it is reasonable to assume that a defendant's employees would testify in either division. *See, McEvily v. Sunbeam-Oster Co., Inc*., 878 F. Supp. 337, 346 (D. R.I. 1994).

During oral argument, the moving Defendants, without providing specific names, indicated that their potential non-party witnesses (such as jail employees, law enforcement

employees, and keepers of the court records) live or work in the Northern Division.⁶ Plaintiff responded that there are also potential witnesses who live in the State of Indiana or outside of the United States. Neither party identified potential non-party witnesses in the Southern Division.

While, the non-party witnesses indicated by the moving Defendants are employees of other named defendants, and thus their convenience afforded less weight, Plaintiff's witnesses do not live in either division and need not be considered at all. Therefore, this factor weighs in favor of transfer but not heavily so.

### 2. *Location of the Relevant Documents*

While the impact of modern communication technology may have reduced the weight to be afforded the location of physical evidence, it remains a relevant factor. *Steelcase, Inc., v. Mar-Mol Co., Inc.*, 210 F. Supp. 2d 920, 940 (W.D. Mich. 2002); *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 385 (5th Cir. 2007), *reh'g en banc granted*, 2008 U.S. App. LEXIS 3322 (5th Cir. Feb 14, 2008) ("[T]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous. . .. The district court erred [in ignoring this factor] . . . because it does weigh in favor of transfer, although its precise weight may be subject to debate.").

---

⁶ Plaintiff properly maintains that the moving Defendants *should have* provided names and proposed testimony of potential witnesses. See *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). While they did not do so, the Court is not precluded from finding that every potential non-party witness in Michigan resides or is employed in the Northern Division.

Here, Plaintiff does not dispute that the records related to his arrest, detention, and prosecution are located in the Northern Division. Thus, while there may be a small number of documents located outside either division, this factor favors transfer.

### 3. *Convenience of the Parties*

The obvious place to begin a discussion of relative convenience of the parties is Plaintiff's selected forum. However, while "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Indeed, other courts have found that a plaintiff's choice of forum may be overcome when none of the conduct complained of happened in the plaintiff's chosen forum. *See, Dicken v. U.S.*, 862 F. Supp. 91, 92-93 (D. Md. 1994); *Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 944 (E.D. Va. 1991).

As discussed below, the operative facts in this case occurred in the Northern Division and none of the conduct complained of transpired in the Southern Division. In addition, Plaintiff is still employed as a truck driver, whose business requires him to travel outside the State of Michigan,[7] and he only recently moved to the Southern Division. In contrast, all of the individual defendants reside (and the vast majority are also employed) in the Northern Division

---

[7] Plaintiff alleges he was in the State of Indiana "hauling cargo as a trucker" when the "Defendant Family" lured him back to Michigan under the guise of having dinner at the "Defendant family's home" located in the Northern Division. (Dkt. No. 25, p. 3 and Dkt. No. 1, ¶¶ 36-38, 44)

(Dkt. Nos. 11-21) and Bay County is located in the Northern Division. Therefore, this factor also favors transfer.[8]

### 4. *The Locus of Operative Facts*

Plaintiff's arrest, detention, prosecution and the alleged defamation occurred in the Northern Division – not a single articulable event occurred in the Southern Division. Although Plaintiff alleges that some events happened in the State of Indiana and the Country of Jordan, this does not change the analysis. The question is not where all of the facts occurred but where the *operative* facts occurred, typically where the wrongful acts took place or the injury happened. Specifically, as it relates to actions brought under 42 U.S.C. § 1983 asserting constitutional claims similar to those alleged herein, the operative event(s) is where the injury occurred:

> Section 1983 actions which contain allegations of constitutional deprivations caused by unlawful arrests and seizures are analogous to tort actions for false arrest and imprisonment. *See, Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Since § 1983 should be read against a background of tort law liability, *Pierson v. Ray*, 386 U.S. 547, 556-557, 87 S.Ct. 1213 [1218-1219], 18 L.Ed.2d 288 (1967); *Monroe v. Pape, supra*, 365 U.S. at 167, 81 S.Ct. 473 [at 484] law governing where tort law claims arise is highly relevant for determining where claims under § 1983 should be ruled to have arisen. The traditional rule is that the claim or cause of action arises where the injury occurs, since until there is an injury an essential element of the cause of action is missing. *See, Miller v. Cousins Properties, Inc.*, 378 F. Supp. 711 (D. Vt. 1974); *Philadelphia Housing Authority v. American Radiator &*

---

[8] Plaintiff argument that the moving Defendants may somehow be less inconvenienced because they seek an intra-district transfer is not well taken, since the statute contemplates intra-district transfers.

>   *Standard Sanitary Corp.*, 291 F. Supp. 252, 260 (E.D. Pa. 1968);
>   *Rosen v. Savant Instruments, Inc.*, 264 F. Supp. 232 (E.D. N.Y. 1967).

*Williams v. Garcia*, 569 F. Supp. 1452, 1458 (E.D. Mich. 1983).

In this case, the location of Plaintiff's injury is evident from his Complaint allegations, which focus on his false arrest, detention, and prosecution. All of these events took place in the Northern Division. Therefore, this factor weighs heavily in favor of transfer.

### 5. *Availability of Process*

Under Federal Rule of Civil Procedure 45, a subpoena may be quashed that requires a non-party witness to "travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. . ." Fed. R. Civ. P. 45(c)(3)(A)(ii).[9] While this rule does not necessarily apply to an appearance for *trial* within Michigan (Fed. R. Civ. P. 45(c)(3)(A)(ii) and (B)(iii)), it would apply to depositions of any non-party witnesses. Thus, as discussed above, because every potential non-party witness in Michigan either resides, or is employed, in the Northern Division, this factor favors transfer.

### 6. *Relative Means of the Parties.*

The Court finds this a neutral factor. While Defendants Marion and Jerry Breasbois are, at this time, proceeding without counsel, the Court is not persuaded that this fact is sufficient to find these defendants of lesser means than Plaintiff. Similarly, the Court is equally unpersuaded

---

[9] Plaintiff's pleading indicates that the distance between Bay City and Detroit is 115 miles. (Dkt. No. 25, p. 9, n. 2)

that, because Plaintiff is a truck driver or has *alleged* he is the victim of wrongdoing, he should be found of lesser means than the defendants in aggregate.[10]

### 7.  The Forum's Familiarity with Governing Law

The Court finds this a neutral factor as both forums are equally familiar with the governing law alleged in Plaintiff's Complaint.

### 8.  Plaintiff's Choice of Forum

As discussed earlier, while "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive" *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998) and may be overcome where the operative facts occurred outside his chosen forum.  *See, Dicken v. U.S.*, 862 F. Supp. 91, 92-93 (D. Md. 1994); *Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 944 (E.D. Va. 1991). This factor, thus, militates against transfer, but not heavily so.

### 9.  Trial Efficacy

For the reasons outlined above, trial efficiency and interests of justice, based on the totality of the circumstances, favor transfer.  *Overland*, 79 F. Supp. at 811.

## IV.  CONCLUSION

The Court finds that the moving Defendants have satisfied their burden of showing that the balance of factors weighs strongly in favor of transfer.  *Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F. Supp. at 719.  Accordingly, IT IS ORDERED that the moving Defendants' motion to

---

[10] The Court does note that the government defendants are likely of greater means than Plaintiff, however, when comparing the parties as a whole this factor remains neutral.

change venue is GRANTED and the matter is transferred to the Northern Division of the Eastern District of Michigan unless an appeal is made to the District Court within the time constraints set forth below.

The parties to this action may object to and seek review of this Order through an appeal to the district judge, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed appeal, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue raised in the appeal.

**SO ORDERED.**

                                            s/Mark A. Randon
                                            MARK A. RANDON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: January 28, 2010

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, January 28, 2010, by electronic and/or first class U.S. mail.*

                                            *s/Melody R. Miles*
                                            *Case Manager to Magistrate Judge Mark A. Randon*
                                            *(313) 234-5543*