UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAWAZ GHAITH,

    Plaintiff,

    v.

Civil No. 09-14336
Hon. John Feikens

DON RAUSCHENBERGER, JR.,
in his individual capacity,
MARION BREASBOIS,
DAWN ROSE PORTER GHAITH,
JERRY BREASBOIS,
MICHAEL NEWSHAM, in his individual capacity,
MICHAEL E. BURCH, in his individual capacity,
RICHARD I. DRESSER, in his individual capacity,
SCOTT GORDON, in his individual capacity,
SHERIFF JOHN E. MILLER, in his individual capacity,
BAY COUNTY SHERIFF'S DEPARTMENT, and
BAY COUNTY

    Defendants.
_____

**OPINION AND ORDER AFFIRMING
MAGISTRATE JUDGE RANDON'S ORDER (Dkt. 31),
OVERRULING PLAINTIFF'S OBJECTIONS, AND
TRANSFERRING VENUE TO NORTHERN DIVISION**

**I. INTRODUCTION**

This cause of action arises out of Plaintiff's claim that Defendants conspired to falsely accuse him of various crimes, and caused him to be wrongfully jailed for more than six months. Plaintiff Fawath Ghaith is a Muslim American of Jordanian descent. He is suing eleven defendants, comprised of nine individuals (his former wife, her mother and step-father, two Assistant Prosecuting Attorneys for the Bay County Prosecutor's office, a Detective and two State Troopers for the Michigan State Police Department, and the Sheriff of Bay County), and two entities (Bay

County, Michigan, and the Bay County Sheriff's Department).

Several of the Defendants moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action from the Southern Division to the Northern Division of the Eastern District of Michigan. Magistrate Judge Randon held a hearing, granted the motion, and ordered the case transferred to the Northern Division. Plaintiff filed objections to Magistrate Judge Randon's Order. Judge Ludington of the Northern Division reassigned the case back to this Court pending consideration of Plaintiff's objections. For the reasons that follow, I AFFIRM Magistrate Judge Randon's Order, OVERRULE Plaintiff's objections, and ORDER this case to be transferred *back* to the Northern Division for adjudication.

## II. BACKGROUND

Plaintiff alleges, generally, that the Defendants conspired to "circumvent the Jordanian immigration laws in order to have Plaintiff's son unlawfully removed from Jordan to the United States without Plaintiff's knowledge or permission." Specifically, he claims that his wife sought to end their marriage and move to the United States with their children. Her plan, however, was frustrated by her inability to obtain a passport for one of their children without Plaintiff's permission unless he "was deceased or confined in prison." As a result, Plaintiff alleges that "two or more of the Defendants" conspired to have him arrested and detained against his will in order to fraudulently obtain the requisite passport. Pursuant to this alleged conspiracy, Plaintiff claims that on September 2, 2008, without probable cause, he was arrested, interrogated, and confined for approximately 196 days. He claims that during his confinement, he was maliciously prosecuted on four counts of extortion. His first trial ended in a mistrial. All charges were dismissed on the eve of his second trial.

As Magistrate Judge Randon correctly noted,

1. "Each of the Thirteen Counts in Plaintiff's Complaint . . . [is] based on events that occurred entirely or substantially within the Northern Division – none of which occurred in the Southern Division." (Dkt. 31 at 3);

2. "Plaintiff recently moved to the Southern Division where this action was, thus, properly filed." (*Id.*); and

3. "[A]ll of the individual defendants reside in the Northern Division . . . and Bay County is located in the Northern Division." (Dkt. 31 at 4).

### III. LEGAL STANDARD

#### A. Review of Non-Dispositive Order of a Magistrate Judge

Non-dispositive orders issued by a magistrate judge are governed by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Collectively, these rules permit this Court to reconsider Magistrate Judge Randon's Order if Plaintiff has demonstrated that it is "clearly erroneous or contrary to law." A finding is "'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted).

#### B. Magistrate Judge Randon's Order

The parties agree that a motion to transfer venue considers nine factors: (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) availability of process; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based on the totality of the circumstances. *United States v. P.J. Dick. Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000); *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809 (E.D. Mich. 2000).

Magistrate Judge Randon's analysis and Plaintiff's objections to each factor follows:

Factor 1 - Convenience of Witnesses:

Although Defendants did not provide *names* of the potential non-party witnesses, Magistrate Judge Randon found that "every potential non-party witness in Michigan resides or is employed in the Northern Division." He further found that "[n]either party identified potential non-party witnesses in the Southern Division." Accordingly, Magistrate Judge Randon found this factor "weighs in favor of a transfer but not heavily so."

Plaintiff argued before the Magistrate Judge, and now objects that there are potential witnesses that live in the State of Indiana or outside of the United States. He states, "[t]here can be no doubt that it would be easier for these witnesses to fly into, and stay in the City of Detroit [i]nstead of having to fly into Detroit and drive up to Bay City."

I agree with Magistrate Judge Randon that the inconvenience of non-party witnesses residing and working outside of the Eastern District "need not be considered at all." These witnesses have no apparent connection to either the Northern Division or Southern Division; they will be required to travel regardless of the venue for this lawsuit.

Plaintiff has not demonstrated clear error with regard to this factor.

Factor 2 - Location of Physical Evidence:

Magistrate Judge Randon found that, "[w]hile the impact of modern communication technology may have reduced the weight to be afforded the location of physical evidence, it remains a relevant factor." (Dkt. 31 at 7). Because "the records related to [Plaintiff's] arrest, detention, and prosecution" are in the Northern Division, Magistrate Judge Randon found this factor favored transfer.

Plaintiff argues, without much explanation, that technology deprives this factor of practical or legal weight, and thus it does not weigh in favor of a transfer.

Again, I agree with Magistrate Judge Randon. Although technology may make some electronic records transfers easier, the practical considerations – and the fact that virtually *all* records relevant to this lawsuit are in the Northern Division – are sufficient to justify weighing this factor in favor of transfer.

Plaintiff has not demonstrated clear error with regard to this factor.

Factor 3 - Convenience of Parties:

As Magistrate Judge Randon correctly noted, while "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, *this factor is not dispositive*." (Dkt. 31 at 8, quoting *Lewis v. ACB Business Svcs., Inc.*, 155 F.3d 389, 413 (6th Cir. 1998) (emphasis added)). Magistrate Judge Randon also explained that "a plaintiff's choice of forum may be overcome when *none of the conduct complained of happened in the plaintiff's chosen forum.*" (*Id.* (emphasis added) (citing cases from two district courts outside the Sixth Circuit)).

Magistrate Judge Randon found that the following facts cause this factor to favor transfer: (a) Plaintiff's employment as a truck driver necessitates substantial travel; (b) Plaintiff only recently moved to the Southern Division; (c) all of the individual Defendants live in, and the "vast majority" work in, the Northern Division; and (d) Bay County is located in the Northern Division.

Plaintiff argues that the transfer improperly "shifts the burden of the inconvenience from one party (Defendants) to another (Plaintiff)." Plaintiff also objects to the Magistrate Judge's use of non-binding cases from district courts outside of the Sixth Circuit.

Again, I agree with Magistrate Judge Randon. Under Sixth Circuit precedent, Plaintiff's choice of forum is afforded weight (under a separate factor), but is not dispositive. The persuasive authority cited by the Magistrate Judge is not in conflict with Sixth Circuit precedent. Moreover, as Defendants note, the "inconvenience" is not shifted from one party to another, it is shifted from

eleven Defendants to a single Plaintiff – who admittedly travels for a living and only recently moved to the Southern Division.

Under these circumstances, I find no clear error in Magistrate Judge Randon's consideration of this factor.

Factor 4 - Locus of Operative Facts:

It is undisputed that Plaintiff's arrest, detention, prosecution and the alleged defamation occurred in the Northern Division, and "not a single articulable event occurred in the Southern Division." (Dkt. 31 at 9). Accordingly, Magistrate Judge Randon found this factor "weighs heavily in favor of transfer." (*Id*. at 10).

Plaintiff argues, as he did before the Magistrate Judge, that some actions occurred outside of the Northern Division - including in Indiana and the country of Jordan.[1]

As Magistrate Judge Randon explained, however, the relevant question is not where "all of the facts occurred but where the *operative* facts occurred." (*Id*. at 9). Here, I agree with Magistrate Judge Randon's conclusion that the *operative* facts occurred in the Northern Division, and thus this factor weighs heavily in favor of transfer.

Plaintiff has failed to establish clear error with regard to this factor.

Factor 5 - Availability of Process:

Plaintiff's pleading indicates that the distance between Bay City and Detroit is 115 miles. Because a subpoena may be quashed if it requires a non-party witness to travel more than 100 miles, and every potential non-party witness in Michigan resides or is employed in the Northern Division,

---

[1]Plaintiff again argues that the Magistrate Judge improperly relied on cases from outside the Sixth Circuit. And again, I do not find that those cases to be in conflict with Sixth Circuit precedent. Plaintiff's chosen forum is afforded proper consideration, but is not dispositive on a motion to transfer venue.

Magistrate Judge Randon found this factor favors transfer.

Plaintiff claims that Defendants have failed to show that any witnesses are unwilling to testify, thus this factor is "less weighty."

Even if Plaintiff is correct, and this factor should be afforded "less" weight, to the extent it is considered, I find it weighs in favor of transfer. Thus, there is no clear error with regard to this factor.

Factors 6 - Relative Means of Parties, and 7 - Forum Familiarity with Law:

Magistrate Judge Randon found these to be "neutral factors." Plaintiff has not objected to this conclusion.

Factor 8 - Plaintiff's Choice of Forum:

Magistrate Judge Randon found this factor "militates against transfer, but not heavily so."

Plaintiff objects, arguing that Sixth Circuit precedent holds that the Plaintiff's choice of forum "should not be disturbed unless the balance of the other factors weighs strongly in favor of transfer." Plaintiff adds, "[t]his is especially true where, as here, the plaintiff resides in his chosen forum."

I find that, when considering convenience and fairness of this transfer on an "individualized, case-by-case" basis, *see Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the other factors *do* weigh strongly in favor of transfer. At least six factors (convenience of non-party witnesses, access to physical evidence, convenience of the parties, locus of operative facts, availability of compelled process, and trial efficiency) weigh in favor of transfer. And two other factors (means of the parties and forum's familiarity with governing law) are neutral. The *only* factor weighing against transfer is that Plaintiff filed this action in the Southern Division. But, as the Sixth Circuit recognizes, Plaintiff's chosen forum is not dispositive. I find no clear error in Magistrate Judge

Randon's analysis with regard to this factor.

Factor 9 - Trial Efficiency and Interests of Justice:

Magistrate Judge Randon found this factor weighed in favor of transfer. Plaintiff has not objected to this conclusion.

**C.   Local Rule 83.10(b)**

Plaintiff also cites Eastern District of Michigan Local Rule 83.10(b)(3), the administrative rule governing initial assignment of cases within the district. That rule, Plaintiff argues, affords a plaintiff's residence greater priority than the county in which the claim arose. L.R. 83.10(b)(3)-(4). According to Plaintiff, "the Eastern District has weighed the two factors, and [] found a plaintiff's residence to be of primary importance." Plaintiff therefore suggests, without authority, that this administrative method of assigning cases somehow "trumps" the nine-factor analysis discussed above.

I disagree. Once a case has been *assigned*, pursuant to Local Rule 83.10(b), the Rule has no relevance in evaluating a § 1404 motion to transfer venue. Accordingly, I find this argument to be without merit.

**D.   Alternative Transfer to Flint**

Instead of transferring the case to the Northern Division, Plaintiff invites the Court to transfer it to Flint, a location he suggests is "equally inconvenient to both" parties. Plaintiff has provided no authority for adopting an "equal inconvenience" standard. In fact, Plaintiff's brief recognizes that transfers are not appropriate if they create such results. Moreover, like Detroit, Flint is in the Southern Division of the Eastern District of Michigan. By its terms, § 1404(a) does not authorize intra-division transfers upon a party's motion.

I therefore decline Plaintiff's invitation to transfer this matter to Flint in order to make the

litigation "mutually inconvenient."

## IV.  CONCLUSION

Having reviewed each of Plaintiff's objections, I find that Magistrate Judge Randon's Order is not clearly erroneous or contrary to the law. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(a). Accordingly, Plaintiff's objections are OVERRULED, Magistrate Judge Randon's Order is AFFIRMED, and this case is once again TRANSFERRED to the Northern Division of the Eastern District of Michigan for full adjudication.

**IT IS SO ORDERED.**

Date:  April 22, 2010              s/ John Feikens
                                   John Feikens
                                   United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on April 22, 2010 by U.S. first class mail or electronic means.
                    s/Carol Cohron
                    Case Manager