UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FAWAZ GHAITH,

        Plaintiff,

v.

        Case Number 09-14336-BC
        Honorable Thomas L. Ludington

DON RAUSCHENBERGER, JR., MARION
BREASBOIS, JERRY BREASBOIS, RICHARD
I. DRESSER, SCOTT GORDON, DAWN ROSE
PORTER GHAITH, BAY COUNTY, BAY
COUNTY SHERIFF'S DEPARTMENT,
MICHAEL NEWSHAM, MICHAEL E. BURCH
and JOHN E. MILLER,

        Defendants.

_____/

## ORDER GRANTING MOTION TO STAY DISCOVERY AND MOTIONS FOR PAGE LIMIT EXTENSIONS

Plaintiff Fawaz Ghaith filed a thirteen-count complaint against nine individual Defendants and two institutional Defendants on November 4, 2009, contending, inter alia, that the Defendants conspired to violate his constitutional rights to parent, to be free from unreasonable searches and seizures, and to a fair trial. The defendants include his wife at the time, Dawn Rose Porter Ghaith; her mother and stepfather, Marion and Jerry Breasbois; Bay County Assistant Prosecutors, Richard I. Dresser and Scott Gordon; Michigan State Police Officers, Don Rauschenberger, Jr., Michael Newsham, and Mark E. Burch; Bay County Sheriff John E. Miller; the Bay County Sheriff's Department; and Bay County.

On November 22, 2010, the Bay County Defendants filed a motion for summary judgment, raising, inter alia, qualified immunity for the individual Defendants. The Bay County Defendants

also filed a motion to stay discovery, emphasizing that "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). On November 24, 2010, the State Defendants also filed a motion for summary judgment, raising, inter alia, qualified immunity. The State Defendants joined the Bay County Defendants' motion to stay. The summary judgment motions are scheduled to be heard on February 2, 2011 at 3:00 p.m.

Plaintiff opposes the motion to stay discovery, emphasizing that, in his view, whether or not the individual Defendants are entitled to qualified immunity depends on whether or not they violated a clearly established constitutional right possessed by the Plaintiff. He further contends that the principal issue is whether the individual Defendants participated in a conspiracy to violate his constitutional rights, not whether those rights were clearly established. In short, he contends that qualified immunity is an issue of fact. Plaintiff also notes that discovery in this case closed on December 30, 2010, and that Defendants have refused to comply with the discovery requests that would have enabled him to prove his claims.

Defendants waited for eighty percent of the time period allotted by the Court for discovery to expire before they moved to stay discovery pending resolution of the qualified immunity issues, and then, according to Plaintiff, refused to participate in discovery during the remaining period. Still, qualified immunity is more than a defense, it is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Accordingly, Defendants should not be burdened with discovery if, as they contend, they did not violate a clearly established constitutional right. *Harlow*, 457 U.S. 818. The motion to stay will be granted with the understanding that discovery may be reopened if, as Plaintiff contends, there is a fact issue as to whether Defendants' conduct violated a clearly

established constitutional right.

Accordingly, it is **ORDERED** that Defendants' motion to stay discovery [Dkt. # 49] is **GRANTED**.

It is further **ORDERED** that in light of the complexity of the issues involved in the case, as well as the large number of parties and claims, the parties' motions for page limit extensions [Dkt. # 47, 62, 64] are **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 11, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS