UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FAWAZ GHAITH,

                Plaintiff,

                                                  Case Number 09-14336-BC
v.                                                Honorable Thomas L. Ludington

DON RAUSCHENBERGER, JR., MARION
BREASBOIS, JERRY BREASBOIS, RICHARD
I. DRESSER, SCOTT GORDON, DAWN ROSE
PORTER GHAITH, BAY COUNTY, BAY
COUNTY SHERIFF'S DEPARTMENT,
MICHAEL NEWSHAM, MICHAEL E. BURCH
and JOHN E. MILLER,

                Defendants.

_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S REMAINING STATE-LAW CLAIMS WITHOUT PREJUDICE AND CLOSING THE CASE

Plaintiff Fawaz Ghaith filed a thirteen-count complaint against nine individual Defendants and two institutional Defendants on November 4, 2009, contending, inter alia, that the Defendants conspired to violate his constitutional rights to parent, to be free from unreasonable searches and seizures, and to a fair trial. He also included several state-law claims, for malicious prosecution, false arrest, abuse of process, and other tort claims. The defendants include his wife, Dawn Rose Porter Ghaith; her mother and stepfather, Marion and Jerry Breasbois; Bay County Assistant Prosecutors, Richard I. Dresser and Scott Gordon; Michigan State Police Officers, Don Rauschenberger, Jr., Michael Newsham, and Mark E. Burch; Bay County Sheriff John E. Miller; the Bay County Sheriff's Department; and Bay County.

On August 26, 2010, Dawn Rose Porter Ghaith ("Defendant Dawn") filed a motion for

judgment on the pleadings. Fed. R. Civ. P. 12(c). After a hearing on November 30, 2010, the Court issued an opinion and order granting in part and denying in part Defendant Dawn's motion on December 2, 2010 [Dkt. # 56]. The Court concluded that Plaintiff's constitutional claims against his former wife should be dismissed because Defendant Dawn is not a state actor, but Plaintiff's state-law tort claims against Defendant Dawn stated a claim for relief and judgment on the pleadings was denied with respect to those claims. In permitting Plaintiff's state-law claims to proceed, the Court cautioned the parties that it would be unlikely to retain jurisdiction over the remaining claims against Defendant Dawn if all of the constitutional claims against the other Defendants were also dismissed. 28 U.S.C. § 1367(c)(3).

While Defendant Dawn's motion for judgment on the pleadings was under consideration, the remaining Defendants also filed motions for summary judgment or judgment on the pleadings [Dkt. # 48 & 53]. The Bay County Defendants, including Dresser, Gordon, Miller, the Sheriff's Department, and the County, filed a motion for summary judgment or judgment on the pleadings on November 22, 2010. The State Defendants, including Burch, Newsham, and Rauschenberger, filed a motion for summary judgment on November 24, 2010. Both the County and State Defendants argued that the individuals were entitled to qualified immunity as to Plaintiff's constitutional claims, and various immunity and merits-based defenses with respect to the tort claims.

On March 10, 2011, the Court issued and opinion and order dismissing all the constitutional claims against the State and County Defendants. The Court concluded that the individual defendants were entitled to qualified immunity, and that Plaintiff had not pleaded a plausible claim for relief against the institutional defendants. The Court also dismissed all of Plaintiff's state claims against

Bay County, the Bay County Sheriff's Department, and Sheriff Miller.[1]  Defendants Marion and Jerry Breasbois both died after the case was filed, and Plaintiff has indicated he no longer intends to pursue his claims against them.  [Dkt. # 78].  As a result, the only claims that are still pending are the state-law claims against Defendant Dawn, Defendant Gordon, Defendant Dresser, and the State Defendants.  Accordingly, the Court directed the parties to submit supplemental briefs explaining why this Court should, or should not, retain jurisdiction over the case.

In his March 18, 2011 supplemental brief [Dkt. # 78], Plaintiff requested that the Court dismiss the remaining state-law claims without prejudice, which would permit Plaintiff to pursue his claims in state court.  Plaintiff emphasizes that this Court has no obligation to retain jurisdiction over the state law claims now that the federal claims have been dismissed.  28 U.S.C. 1367(c). Indeed, the Supreme Court has urged district courts that in cases like this where "the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  The justification for supplemental jurisdiction over state-law claims "lies in considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims."  *Id.*

Defendants, in supplemental briefs filed on April 1, 2011 [Dkt. # 79, 80, 81], suggest the Court should retain jurisdiction.  They emphasize that there "is no categorical rule that the pretrial dismissal of federal claims bars a court from deciding the remaining state law claims."  *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970)).  They argue that consideration of "judicial economy, convenience,

---

[1] As the Bay County Defendant's pointed out in a April 18, 2011 letter, Sheriff Miller was inadvertently left out of the order in Part V of the Court's March 20 opinion.  All claims against Sheriff Miller should have been dismissed with prejudice.

fairness, and comity" suggests that this Court should retain jurisdiction and consider Plaintiff's state-law claims on their merits. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) (citing *Musson*, 89 F.3d 1254). Each factor will be considered in turn.

The first factor is judicial economy. This Court, and the parties for that matter, have already devoted substantial attention to this case. But that attention has been focused primarily on three rather narrow legal issues without delving into the facts, evidence, or merits of particular claims. In the first opinion and order, *Ghaith v. Rauschenberger*, No. 09-14336-BC, 2010 WL 4982795 (E.D. Mich. Dec. 2, 2010), the Court focused primarily on whether Defendant Dawn, as a private actor, could act "under color of law" for the purposes of a § 1983 claim. In the second opinion and order, *Ghaith v. Rauschenberger*, __ F. Supp. 2d __, No. 09-14336-BC, 2011 WL 869242 (E.D. Mich. Mar. 10, 2011), the Court concentrated on whether the individual State and County Defendants were entitled to qualified immunity, or absolute immunity, and whether Plaintiff's complaint pleaded a plausible claim for relief against the institutional Defendants under *Monell v. Department of Social Services* and its progeny. 436 U.S. 658 (1978). As such, the Court has devoted very little attention to the evidence or the merits of Plaintiff's state-law claims. As a result, the gains in judicial economy that would be associated with retaining jurisdiction are negligible. The first factor suggests the state-law claims should be dismissed.

The second factor directs the Court to consider fairness and convenience to the parties. Plaintiff would prefer to bring his state-law claims, if at all, in state court, even though they were initially filed in this Court. As a result, whether retaining jurisdiction would be fair or convenient to Plaintiff is not relevant to the analysis. He cannot file the claims here and then later argue it would not be convenient or fair to litigate them here.

-4-

Defendants, by contrast, assert that they would be prejudiced if the Court were to dismiss Plaintiff's state-law claims.  In short, they assert that it will be unfair and inconvenient to them if Plaintiff refiles his state-law claims in state court.  The argument is unconvincing given the nature of the proceedings in this Court, particularly the lack of discovery.  The Court stayed discovery at Defendants' request.  Up to this point in time, no depositions have been taken.  As noted above, the proceedings in this Court have focused on legal defenses to Plaintiff's federal claims.  To the extent there are legal defenses to Plaintiff's state claims, the Defendants will be entitled to consideration of those defenses if Plaintiff refiles his claims in state court.  The inconvenience to defendants will be insignificant, and there is no suggestion that they will not receive a fair hearing in state court.

Consideration of the final factor, comity, suggests that Plaintiff's state-law claims should be dismissed without prejudice.  At this point, every party is a citizen of the State of Michigan and every legal issue turns on a question of Michigan law.  Because retaining jurisdiction would not improve judicial efficiency or provide a more convenient forum for the parties, the remaining state-law claims will be dismissed without prejudice.

Accordingly, it is **ORDERED** that Defendants' motions for summary judgment [Dkt. # 48, 53, 69], to the extent they remain pending, are **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's state-law claims against Rauschenberger, Dresser, Gordon, Dawn Rose Porter Ghaith, Newsham, Burch, and Miller are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that all Plaintiff's claims against Defendants Marion and Jerry Breasbois are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that all Plaintiff's claims against Sheriff Miller are **DISMISSED**

**WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---